N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DWAYNE BEALL § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> LIBERTY LIFE ASSURANCE COMPANY § <br> OF BOSTON § <br> § <br> Defendant. § | Civil Action No. _____ |

## COMPLAINT

Plaintiff ("Beall"), for his Complaint against Defendant, would show as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and may be served through its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

### Facts

5. Prior to January 3, 2020, Plaintiff was employed by CAE, USA, Inc. and submitted a claim for long-term disability benefits under the governing long-term disability insurance policy issued in favor of CAE, USA, Inc. by Defendant (the "LTD Policy").

6. Defendant denied benefits to Plaintiff on June 25, 2020 on the basis of the pre-existing condition exclusion of the governing policy.

COMPLAINT – Page 1

7. By appeal dated October 31, 2020, Plaintiff appeals the June 25, 2020 denial.

8. By denial dated February 22, 2021, Defendant again denied Plaintiff's claims while violating 29 CFR 2560.503-1(h)(iv)(3)(iii) and (4) among other violations of 29 CFR 2560.503-1.

9. In connection with its disposition of the claim of Plaintiff under the LTD policy, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and the claims regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the following requirements of 29 CFR 2560.503-1:

   a. the requirement of 29 CFR 2560.503-1(b)(3) that the claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits,

   b. the requirement of 29 CFR 2560.503-1(b)(5) that claims procedures contain administrative provisions or safeguards to insure that any benefit claim determinations are made in accordance with governing plan documents and that plan provisions have been applied consistently with respect to similarly situated claimants,

   c. the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to insure the independence and impartiality of the persons involved in making the decision,

   d. the requirements of 29 CFR 2560.503-1(g)(1)(i)-(iii), (g)(1)(vii)(A)(i)-(iii), and (g)(1)(C) and (D) as to the content of any adverse benefit determination, including providing the

claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination, reference to the specific plan provisions on which the determination is based, a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary, a discussion of the decision, including an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of healthcare professionals treating the claimant and vocational professionals who evaluated the claimant; the views of medical or vocational expert to his advice was obtained on behalf of the plan in connection with the claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination, and a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration, an identification of the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination, or alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist,

   e. the requirement of 29 CFR 2560.503-1(h)(2)(iv) that claims procedures provide for a review that takes "into account all comments, documents, including information necessary for a claimant to perfect his claim and an explanation of why such material is necessary, records and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination,"

   f. the requirement of 29 CFR- 2560.503-1(h)(3)(ii) that any review does not afford deference to the initial benefit determination and be conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

g. the requirement of 29 CFR 2560.503-1(h)(3)(iii) that the appropriate named fiduciary shall, if any appeal of an adverse benefit determination is based in whole or in part on a medical judgment, consult with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment,

h. the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination,

i. the requirement of 29 CFR 2560.503-1(h)(3)(v) that any healthcare professional consultant in connection with any adverse benefit determination be an individual who was not consulted in connection with the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

j. the requirement of 29 CFR 2560.503-1(h)(4) that any new or additional evidence considered, relied upon or generated by the plan, insure, or other person making the benefit determination, or any new or additional rationale, be provided to the claimant sufficiently in advance to enable the claimant to have a reasonable opportunity to respond prior to the issuance of any adverse benefit determination on review,

k. the requirements of 29 CFR 2560.503-1(j)(1)-(3) as to the manner and content of any notification of a benefit determination on review, including that notification communicate to the claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination and reference to the specific plan provisions on which the determination is based, and

l. the requirement of 29 CFR 2560.503-1(j)(6) that any notification of a benefit

determination with respect to disability benefits include the following:

    (i)    A discussion of the decision, including an explanation of the basis for disagreeing with or not following:

        (A)    The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

        (B)    The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

    (ii)    If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

    (iii)    Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

10.    Based on the terms of the policy, Defendant's denials of benefits to Plaintiff under the LTD policy are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, denials of benefits under the policy are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., Defendant's denials of benefits to Plaintiff under the policy are subject to de novo review and, so reviewed, must be determined to have been wrong. Again, in the alternative, in the event Defendant's denials are subject to review only for abuse of discretion, Defendant, to the extent of any such discretion, abused it.

### Claims

11.     For his first cause of action, Plaintiff would show that Defendant wrongfully denied benefits to him under the LTD policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the LTD policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

### Alternative Relief

12.     In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim against Defendant for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant his judgment against Defendant for all appropriate relief.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF